Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JARDINES SERVICES STATION, INC. **Recurrido** V. UNIVERSAL RECYCLING GROUP, INC. **Peticionario** | KLAN202400858 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama <br><br> Civil. Núm. GM2024CV00086 <br><br> Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

El 18 de septiembre de 2024, Universal Recycling Group, Inc. (Universal o peticionaria) compareció ante nos mediante *Apelación*[1] y solicitó la revisión de una *Orden* que se emitió el 29 de julio de 2024 y se notificó el 30 de julio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). Mediante el aludido dictamen, el TPI, tomando en consideración la posición del peticionario y de Jardines Services Station, Inc. (JSS o recurrido), resolvió que ni Best Petroleum ni las personas naturales que negociaron el presunto contrato eran partes indispensables en el pleito.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Número Identificador

RES2024 _____

I.

El 12 de febrero de 2024, JSS presentó una *Demanda Enmendada* sobre incumplimiento de contrato y cobro de dinero en contra de la peticionaria.[2] En esta alegó que llegó a un acuerdo verbal con Universal para arrendar una estación de gasolina localizada en el Municipio de Arroyo por el término de veinte (20) años. Sostuvo que, ante ello, las partes se comprometieron a otorgar un contrato de arrendamiento mediante una escritura pública, pero que Universal hasta hoy en día no había cooperado para que se pudiese lograr dicha gestión. Por otra parte, indicó que acordaron que la peticionaria se comprometería con la marca Gulf y con Best Petroleum, Corp. a concederle a JSS un centavo de renta por cada galón de gasolina que vendiera mensualmente. Planteó que la peticionaria nunca cumplió con este acuerdo y, por ende, nunca se le pagó el centavo de renta acordado. En vista de lo antes expuesto, le solicitó al TPI a que ordenara el cumplimiento específico de los acuerdos, es decir, que ordenara la otorgación del contrato de arrendamiento por escritura pública y que le ordenara a Universal a pagarle los centavos por galón vendidos desde el 8 de septiembre de 2019 al presente. Expresó que dicha cantidad ascendía a $21,040.00.

En respuesta, el 12 de abril de 2024, Universal presentó una *Contestación a la Demanda*.[3] En esta, negó la mayoría de las alegaciones en su contra y se limitó a expresar que las partes no habían suscrito un contrato ni firmaron escritura alguna debido a que nunca llegaron a un acuerdo concreto. Así pues, razonó que no tenía obligación alguna con la parte recurrida. Además, es pertinente mencionar que, como parte de sus defensas afirmativas, alegó falta de parte indispensable.

---

[2] Véase, págs. 5-8 del apéndice del recurso.
[3] Íd., págs. 9-14.

Posteriormente, el 25 de junio de 2024, JSS presentó una *Solicitud de Determinación sobre Parte Indispensable*.[4] Sostuvo que, en una Contestación a un Interrogatorio, Universal había expresado que entendía que Gulf y Best Petroleum, Corp. eran partes indispensables en el pleito, así como las partes naturales que presuntamente contrataron por la controversia relacionada a la existencia o no del contrato entre las corporaciones. En cuanto a ello, planteó que dichas alegaciones eran erróneas ya que no se le estarían lesionando o afectando los derechos a ninguna de las partes antes mencionadas. Así pues, le solicitó al TPI a que determinara que estas últimas no eran partes indispensables en el pleito.

El 15 de julio de 2024, Universal presentó una *Réplica a Moción sobre Solicitud de Determinación Parte Indispensable*.[5] En primer lugar, argumentó que las personas naturales eran parte indispensables ya que, de no existir un contrato entre las corporaciones, alguien tendría que responder por los daños y pérdidas económicas que fueron producto de la tenencia y la explotación ilegal de la posesión de la estación de gasolina. Por otro lado, planteó que Best Petroleum, Corp. era parte indispensable en el pleito toda vez que era la entidad responsable de pagarle a JSS el centavo, por lo que si existía alguna deuda relacionada a ello era Best Petroleum, Corp. quien era responsable de satisfacerla. Por estos motivos, le solicitó al TPI a que ordenara que las partes fuesen traídas al pleito.

Así las cosas, el 22 de julio de 2024, JSS presentó una *Réplica a Escrito de Réplica de la Demandada sobre Solicitud de Determinación sobre Parte Indispensable* mediante la cual reiteró sus argumentos previos.[6] Evaluado los argumentos de ambas partes, el

---

[4] Íd., págs. 16-19.
[5] Íd., págs. 20-24.
[6] Íd., págs. 25-28.

29 de julio de 2024, el TPI dictó una *Orden* que se notificó el 30 de julio de 2024 mediante la cual resolvió que ni Best Petroleum ni las personas naturales que negociaron el contrato eran partes indispensables en el pleito.[7] En desacuerdo con este dictamen, el 15 de agosto de 2024, Universal presentó una solicitud de reconsideración.[8] En esta, además de reiterar sus planteamientos previos, argumentó que el TPI erró al no concederle un término conforme lo dispone la Regla 8.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.4 para contestar a la *Réplica a Escrito de Réplica de la Demandada sobre Solicitud de Determinación sobre Parte Indispensable.* Así pues, le solicitó al TPI a que reconsiderara su determinación y en consecuencia ordenara a que se acumularan a las personas naturales y a Best Petroleum, Corp. como partes en el pleito o que en la alternativa que permitiera un descubrimiento de prueba en cuanto a dicho asunto.

El 20 de agosto de 2024, el TPI dictó y notificó una *Resolución* declarando No Ha Lugar la solicitud de reconsideración.[9] Además, puntualizó que únicamente había considerado la solicitud de determinaciones de parte indispensable que presentó JSS y la réplica a la solicitud sobre parte indispensable que presentó Universal. Aún inconforme, el 18 de septiembre de 2024, Universal presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Tribunal de Primera Instancia al no proveer el debido proceso que dispone la Regla 8.4 de Procedimiento Civil.**
>
> **Erró el Tribunal de Primera Instancia al no proveer espacio procesal para atender su reclamo de parte indispensable en el pleito incoado.**

---

[7] Íd., pág. 29.
[8] Íd., págs. 33-38.
[9] Íd., pág. 149.

Atendido el recurso, el 19 de septiembre de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 30 de septiembre de 2024 para presentar su postura en cuanto al recurso. Oportunamente, JSS presentó una *Oposición a Apelación* y negó que el TPI cometiera los errores que el peticionario le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter

dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

                                        III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

                                        IV.

Por los fundamentos antes expuestos, **denegamos** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

                          Lcda.  Lilia M. Oquendo Solís
                      Secretaria del Tribunal de Apelaciones